Kostas Dakchoylous, Appellant, v. Hugo Ernst, Individually and as President of Hotel and Restaurant Employees International Alliance and Bartenders International League of America, et al., Respondents.— Appeal from a judgment of the Supreme Court, Albany County, entered January 14, 1953, dismissing the complaint upon the merits. This action was brought to enjoin the defendant unions and their officers from enforcing a decision removing the plaintiff from the office of business agent of the defendant local union and suspending him from membership for one year. Charges had been preferred against the plaintiff and a hearing had been regularly held thereon in accordance with the constitution and by-laws of the international union. The principal charge was that the plaintiff had rendered himself ineligible to hold office in the union because he had associated himself, in violation of the provisions of the union constitution, with the Communist party and had supported or subscribed to the subversive doctrines of the Communist party. There were additional charges that he had violated provisions of the union's constitution by making false and slanderous statements concerning an officer of the international union and by disobeying a direction of the local joint board. The president of the international union, upon the basis of the evidence received at the hearing,

found that all the charges had been sustained. The theory of the action was that the defendants had entered into a conspiracy to deprive the plaintiff of his office as business agent and of his membership in the union and that the finding that he had violated the union constitution was wholly unsupported by evidence and was merely a step in the execution of the conspiracy. The court below properly found that there was no proof of any conspiracy. The plaintiff failed to establish the cause of action which he had pleaded or any other cause of action. The courts are not empowered to supervise the internal affairs of labor unions or to review decisions made by their internal tribunals, after a fair trial, in accordance with their own constitutions and by-laws. The courts will interfere only if it is made to appear that the acts charged did not constitute violations of the union constitution or that fair procedure was not observed (*Polin* v. *Kaplan,* 257 N. Y. 277). There is no such showing here. There was evidence to support each of the charges enumerated above and it was shown that each of the acts charged constituted a violation of a specific provision of the constitution. The plaintiff's criticisms of the procedure adopted at the union hearing do not warrant judicial interference. The plaintiff points out that the witnesses were not sworn, that nonexpert witnesses were permitted to testify to a comparison of handwriting and that in other respects the rules governing a judicial proceeding were not applied at the union hearing. The hearing was held in accordance with the union's constitution and by-laws. There is no requirement therein contained that witnesses be sworn or that the common-law rules of evidence be followed. It is not a violation of the fundamentals of fair play to decide a case upon unsworn proof. Such proof is customarily received at union hearings; the plaintiff did not raise any objections to the unsworn statements at the hearing and, in fact, offered similar evidence on his own behalf. The plaintiff's case was fatally defective for the additional reason that he failed to establish that he had exhausted all internal remedies under the union constitution and by-laws before commencing this action. It appeared that provision was made in the union constitution for review of the decisions of the president by an appeal to the executive board. While the plaintiff indicated by letter that he desired to appeal, he never prosecuted the appeal. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [203 Misc. 277.]