**Nils M. MAGELSSEN, Plaintiff,**

v.

**LOCAL UNION NO. 518, OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, Defendant.**

**Civ. A. No. 14108–4.**

United States District Court
W. D. Missouri, W. D.

Sept. 1, 1964.

See also D.C., 32 F.R.D. 464.

Swanson, Midgley, Jones, Blackmar & Eager, by Donald H. Loudon, Kansas City, Mo., for plaintiff.

McCullough, Parker, Wareheim & LaBunker, by M. John Carpenter, Topeka, Kan., Ben E. Pener, Kansas City, Mo., for defendant.

BECKER, District Judge.

In this civil action the plaintiff seeks relief under the Landrum-Griffin Act for wrongful expulsion from the defendant Union. This memorandum rules on plaintiff's motion for summary judgment on the sole issue of wrongful expulsion. The material facts involved in this issue are not in dispute.

Plaintiff relies on Title 29 U.S.C.A. § 411(a) (5), which reads as follows:

"Safeguards against improper disciplinary action.—No member of any labor organization may be fined,

suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such a member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

It is conceded by the defendant Union that the only written notice given to plaintiff was a letter, the text of which reads as follows:

"This is to notify you that you are to appear before the Executive Board of Local No. 518 * * * for violation of Section 97 of the International Constitution."

The question to be decided by this Court is whether the letter constitutes "written specific charges" as required by item (A) of Section 411(a) (5).

■ The defendant contends that the deposition of plaintiff taken in this cause shows that plaintiff had actual knowledge of the nature of the specific charges. The statute requires written specific charges as a guaranty of fairness in the expulsion process. If the Union does not comply with the statute, the expulsion order is void. An ex post facto showing of knowledge by oral testimony cannot cure the lack of written statutory notice.

■ In Rosen v. District Council No. 9 of New York, etc., (S.D.N.Y.) 198 F. Supp. 46, cited by the defendant in support of his contention, the sufficiency of the original charges was not even discussed because the accused member obtained a written bill of particulars a reasonable time prior to the hearing at which he was expelled. The defendant argues that the plaintiff through his own efforts could have obtained charges sufficiently specific to withstand judicial review. Under the statute it is not the duty of an accused member to secure a written notice of the specific charges; it is the duty of the union to give such notice in the accusation under Section 411(a) (5) (A).

■ If an accused member, on his own initiative, secures a bill of particulars, as in the Rosen case, and thereby becomes fully informed as to the nature and extent of the charges a reasonable time prior to the hearing, the statute is satisfied, even though the original notice was defective or lacking.

■ The question in this case is whether the letter set out above is sufficient statutory notice. It is concluded as a matter of law that the requirement of "specific charges" is not satisfied by reference in the notice to a section of a union constitution without any statement of the factual basis of the charge. No technical formalities should be imposed on those, often laymen, who must comply with Section 411(a) (5) (A), but some factual assertion, no matter how informal, is necessary to allow an accused member to prepare his defense. While laymen should not be held to the same standards to which a prosecuting lawyer is held in preparing an indictment,[1] some informal written statement of facts constituting the alleged violation should be given. In the Armed Services, laymen are frequently responsible for court-martial proceedings in which minimum standards must be met. Before a member of our Armed Forces can be court-martialed, he must be informed as to what personal acts or omissions are in question, and the rule or regulation they will be questioned under.[2]

---

1. The Legislative History of the Labor-Management Reporting and Disclosure Act of 1959, Vol. 1, p. 177, reveals Mr. Barden of the House of Representatives introduced a bill requiring inclusion in the charge of the time, place, specific nature of, and facts comprising the alleged offense, and citation of the rule alleged to be violated. These strict requirements were not adopted in the final bill.

2. According to military usage and practice, a "charge" before a court-martial is in effect divided into two parts; the first technically called a "charge," and the second a "specification." The charge proper designates the military offense of

Because plaintiff was expelled from defendant Union on charges insufficiently specific, i. e., consisting only of an allegation that a section of a constitution had been violated, and completely lacking in any factual assertions, it is

Ordered that plaintiff's motion for summary judgment on the issue of wrongful expulsion shall be, and is hereby, granted.

█ This does not mean that the plaintiff is immune to further expulsion or discipline on the same grounds relied on.

Plaintiff's right to damages is limited. McCraw v. United Ass'n of Journey. & App. of Plumbing, etc. (E.D.Tenn.) 216 F.Supp. 655. Plaintiff is requested to file in writing within 20 days a written statement in detail of the evidence he proposed to offer to sustain his claim for damages and citations of authority to support the claim on each item.

---

which the accused is alleged to be guilty; and the specification sets forth the acts or omissions which form the legal constituents of the offense. Carter v. Mc-

---

Claughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236. By requiring written specific charges item (A) of 411(a) (5) expressly requires factual specifications.