**William M. NULL, Plaintiff,**

v.

**CARPENTERS DISTRICT COUNCIL OF HOUSTON et al., Defendants.**

Civ. A. No. 63–H–461.

United States District Court
S. D. Texas,
Houston Division.

March 20, 1965.

C. Anthony Friloux, Jr., of Friloux & Eddington, Houston, Tex., for plaintiff.

Glynn W. McDonald, of Combs & Mitchell, Houston, Tex., for defendants.

GRAVEN, Senior District Judge (by assignment).

The plaintiff, a member of a union, was in union proceedings convicted of charges that he violated certain provisions of the by-laws of the union. He seeks, in this action, to set aside that conviction under the provisions of Section 411, Title 29, U.S.C.A. The pertinent portion of Section 411 provides as follows:

(a) (5) "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

(b) "Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect."

Section 411 is a part of the Labor-Management Reporting and Disclosure Act. Sec. 401 et seq., 29 U.S.C.A.

On April 19, 1962, and for a number of years prior thereto, the plaintiff Null was an active member in good standing of Local Union 213 of the United Brotherhood of Carpenters and Joiners of America. The defendant Carpenters District Council of Houston is a council of nine unions in the Houston area belonging to and a part of the United Brotherhood of Carpenters and Joiners of America. It has a membership of forty. It has an Executive Committee. The District Council has its business office in Harris County, Texas. During the period of time here involved, Fred Lucas was the Secretary-Treasurer of the District Council; Roy Bruce was the Business Agent of Local No. 213 and President of the District Council; and D. O. Goforth was the Business Representative of Local No. 213. They were made defendants to the action.

In February, 1962, the plaintiff was acting in the capacity of job steward for the members of Local 213 working on the construction of the Continental Houston Motel in downtown Houston, Texas. It was the duty of the job steward, under the By-Laws and Trade Rules of the District Council, to examine the credentials of each member of the union under his jurisdiction once each week and to have each member sign a steward's report. Local 213 has no central control over the payment of dues by its members and one of the purposes of having the job steward perform the above-described duties is to insure prompt payment of dues by the members of Local 213. On February 19, 1962, it was brought to the attention of the District Council that the plaintiff may have been derelict in the performance of those duties.

The Constitution, By-Laws and Rules of the United Brotherhood of Carpenters and Joiners of America contain numerous sections. Section 55(B) provides as follows:

"Any member charged with violating the By-Laws and Trade Rules of the locality in which he is working, shall be notified in writing to appear before the Executive Committee of the Local Union or District Council as the case may be. If it appears to the satisfaction of the Executive Committee that the violation occurred, the Executive Committee may reprimand the member and make such action a part of the records of the Local Union or District Council or may recommend that the charges be processed in accordance with Section 56."

Section 56 provides, in part, as follows:

"A  Any member charged under Section 55 shall be given a fair and impartial trial, and must exhaust all his remedies allowed by Sections 56 and 57 before taking his case to the civil courts.

"B  A member must be charged and tried within the jurisdiction of the Local Union or District Council where the offense was committed. Where a District Council exists all charges shall be tried by that body.

"C  All charges must be in writing, must specify the particular Paragraph of Section 55 or the particular By-Law or Trade Rule violated, and must contain a brief statement of the facts upon which the charge is based.

"D  When charges are filed in the Local Union or District Council, they shall be referred promptly to the Executive Committee of the Local Union or District Council. In the event that the Executive Committee determines that the charges do not conform to the provisions of Paragraphs B and C above or in the even that the charges allege a By-Law or Trade Rule violation which occurred more than thirty (30) days prior to the filing of the charges, the

Executive Committee shall return the charges to the member who filed them with a notice that the charges cannot be considered or processed. If the Executive Committee determines that the charges conform to the provisions of Paragraphs B and C above, it shall refer the charges to the Local Union or District Council or if it appears to the satisfaction of the Executive Committee that the violation occurred, the Executive Committee may reprimand the member and make such action a part of the records of the Local Union or District Council. The provisions of Section 55 B and C shall govern the handling of charges of Trade Rule violation. The Executive Committee shall have no authority to impose penalties.

"E    The charges must be read at the meeting and lay over until the next meeting, and the member must be notified by registered or certified mail by the Recording Secretary of the Local Union or District Council to be present, and at the same time shall be furnished by the Recording Secretary with a copy of the charges specified. The notice shall be sent to the member's last known address.

"F    A Trial Committee consisting of five members of the Local Union or five delegates to the District Council shall be selected as follows: the Local Union or District Council shall nominate eleven members or delegates. The Recording Secretary of the Local Union or District Council shall place their names in the ballot box and the Vice-President shall draw the same from the box and call the names aloud until five have been drawn. The accused and the accuser shall have the alternative of each challenging any three members of the Trial Committee; the member so challenged shall not serve. When the five have been selected, they shall constitute the Trial Committee and the case shall be given to them for trial.

"G    Any officer or member who is a party to or directly interested in any case in a Local Union or District Council, shall not be permitted to act as a member of the Trial Committee.

"H    The chairman of the committee shall without delay, summon the accused in writing, together with all witnesses and try the case on such date as the chairman shall determine.

"I    The accused and the accuser may appear before the Trial Committee either in person or by counsel (who shall be a member of the United Brotherhood), and shall be entitled to be present at all times when the Trial Committee is receiving evidence. All testimony shall be accurately recorded in writing. Persons who are not members may be called as witnesses by either side. No member shall be suspended, expelled or fined in an amount in excess of Fifty Dollars ($50.00) unless the proceedings of the Trial Committee shall have been properly recorded by a competent stenographer who need not be a member. * * * * "

Section 57(A) provides, in part, as follows:

"A    A member who has been expelled, suspended or fined in an amount in excess of Fifty Dollars ($50.00) may appeal to the General President, subject to a further appeal to the General Executive Board and a final appeal to the General Convention. * * * * "

When it came to the attention of the District Council on February 19, 1962, that the plaintiff may have been derelict in the performance of the duties referred to, the Council ordered D. O. Goforth to conduct an investigation into the matter and to file charges if the situation so merited. On February 20, 1962, Goforth visited the job site at which the plaintiff was job steward and

informed him of the investigation and that charges might be brought against him. During the course of the conversation, Goforth questioned the plaintiff about one Max Osborne, an apprentice member of Local 213, and the failure of the plaintiff to inspect Osborne's credentials and have him sign the steward's report.

The charges were thereafter filed by Goforth. The charges were first read to the District Council at its next regular meeting on March 19, 1962. The plaintiff was informed by letter from Fred Lucas, President of Local 213, bearing the date March 26, 1962, that charges had been filed against him. The letter was delivered to the plaintiff in due course of the mails. Attached to the letter was a written specification of the charges filed, bearing the date February 20, 1965. The March 26, 1962, letter informed the plaintiff to be present at a meeting of the District Council on April 2, 1962, at which a Trial Committee would be selected. The meeting of April 2, 1962, was held and a Trial Committee was selected, as provided by Section 56(F), from among the members of the District Council. On April 16, 1962, a trial was had on the charges against the plaintiff.

The specification of charges, bearing the date February 20, 1962, charged the plaintiff as follows:

"He violated the By Laws of Carpenters District Council of Houston and Vicinity under 'Steward's Authority and Duties', page 8, section 1, by not properly examining credentials of a Member. He violated section 2, under the same heading, by not having each Member or applicant sign the Steward's Report.

"By his actions he permitted an Apprentice Member to work on the job every day for a period of approximately eight months and became approximately five and one-half months delinquent in dues.

"This occurred [sic] on the Motel job located at Main and Franklin Streets, Houston, Texas, for Manhattan Construction Company, General Contractor. This offense continued from September 1961 through approximately the month of February 1962."

The plaintiff received no other formal notification of the charges against him. However, he did know from his conversation with D. O. Goforth on February 20, 1962, that the investigation and subsequent charges involved his actions as job steward in relation to the apprentice member, Max Osborne, and particularly his failure to examine Osborne's credentials and to have Osborne sign the steward's report. At the trial evidence was offered to show that Osborne worked on the Continental Houston Motel job; that he became, during that period, five and one-half months delinquent in his union dues; and that this was not timely reported by the plaintiff to union officials. A steward's report prepared by the plaintiff during the course of the Continental Houston Motel job, which did not bear the signature of Osborne, was also introduced into evidence.

Simultaneous with the trial here involved, the plaintiff was being tried on other charges in another room of the same building. The plaintiff was represented in the trial here involved by a fellow union member selected by him. The Trial Committee conducting the trial here involved asked the plaintiff's representative if he desired a continuance until the other proceeding was completed. The plaintiff's representative chose to proceed with the trial. The Trial Committee found the plaintiff guilty as charged and assessed a reprimand against the plaintiff. Later the District Council at a special meeting changed the penalty to a fine of $49.50. The plaintiff effected an appeal to the General President of the International Union. That President upheld the conviction. However, he set aside the fine imposed by the District Council and reinstated the original sentence of reprimand. The plaintiff then appealed to the General Executive Board of the International Union. That Board failed to act

on his appeal. The reprimand called for by the sentence is an oral reprimand. It has not as yet been given.

On or about February 20, 1962, the plaintiff was removed as steward. That position did not carry any compensation with it. The plaintiff at all times here material has been, and he still is, a member in good standing of the union. The proceedings here involved and the conviction have not resulted, and will not result, in his being deprived of any employment. It is the claim of the plaintiff that his conviction, if allowed to stand, would effect his eligibility for union office.

In the brief of the plaintiff the issues before the Court are stated to be as follows:

*"ISSUES BEFORE THE COURT*

ISSUE I.   Was the Plaintiff Null timely charged as required by Section 56 D of the By-Laws of the Union.

ISSUE II.   (a) Were the charges, if timely filed, adequate to allow Plaintiff Null to properly prepare his defense?

(b) Did the charges, as drawn, satisfy the obvious mandatory meaning and import of Section 56 C of the Union By-Laws?

ISSUE III.   (a) Was the pre-trial procedure set forth in the union Constitution violated, by the Defendant Union failing to act pursuant to the direction of Section 55 B?

(b) Are the provisions of Section 55 B mandatory or optional?

(c) Did such failure to allow Plaintiff Null the right to appear before the Executive Committee of the District Council of the Union constitute a substantive denial of this basic right to a fair and impartial trial?

ISSUE IV.   Was the act of the District Council in ordering charg-es to be filed against William Null such an act, as would result in making the individual representatives and/or delegates to that council ineligible to serve as trial committee members under the provisions of Sections 56 F and 56 G.

ISSUE V.   Was the trial held on April 16, 1962, a fair and impartial trial within the limitations, prohibitations, and permissive scope of the provisions of the By-Laws of the defendant union governing bringing of charges against members, pretrial processing of said charges, and the trial itself.

ISSUE VI.   Is a Union member who contends he has been unlawfully tried, convicted, and disciplined, and who is forced because of such unlawful acts, to hire an attorney, to incur expenses, to protect his rights, entitled to recovery of these necessary fees in the event the United States District Court rules his conviction was unlawful."

Section 55(B), heretofore set out, provided that any member charged with a violation such as the plaintiff was charged with shall be notified in writing to appear before the Executive Committee of the District Court. If it appears that a violation has occurred, the Executive Committee may then recommend that the charges be processed or may take other action set forth in that Section. The pretrial procedure provided for in Section 55(B) was not followed in the case of the plaintiff. The plaintiff also claims that certain other procedures specified in the union Constitution and By-Laws were not followed.

In connection with those claims of the plaintiff it is necessary to consider the matter of the Court's jurisdiction in this case and the scope and character of its review. Jurisdiction in this case is based upon Section 412, Title 29, U.S. C.A., which is a part of the Labor-Man-

agement Reporting and Disclosure Act. That Section provides as follows:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

■ The Labor-Management Reporting and Disclosure Act gives a union member certain rights in connection with his union relations. Those rights are sometimes referred to as a member's "bill of rights." The jurisdiction given to the courts by Section 412 is for the purpose of enforcing such rights. The courts are not given jurisdiction to enforce compliance with any and all provisions of a labor organization's constitution and by-laws. The courts have only to do with such constitution and by-laws insofar as they are related to or connected with the question as to whether a union member has been denied rights given him by the Labor-Management Reporting and Disclosure Act. If particular provision or provisions in such a constitution or by-laws deny a member rights given him under that Act, the courts have jurisdiction to invalidate such provision or provisions. In the present case the plaintiff does not claim that any of the provisions in the union Constitution and By-Laws deny him any of his rights under the Act. It is his claim that the failure of the union to follow certain procedures set out in the union Constitution and By-Laws invalidated his conviction. It is also his claim that the failure of the union to follow such procedures denied him his rights under the Act.

■ Under the Act the plaintiff is entitled to a fair hearing on the charges

against him. Phillips v. Teamsters, Chauffeurs, Warehousemen & Helpers Local Union No. 560, 209 F.Supp. 768, 771 (D.C.N.J.1962). By a fair hearing is meant that he must be informed of the charges against him and given an opportunity to hear and refute them. Rosen v. District Council No. 9 of New York City, of the Brotherhood of Painters, Decorators & Paperhangers of America, 198 F.Supp. 46, 48 (S.D.N.Y.1961); Smith v. General Truck Drivers, Warehousemen and Helpers Union Local 467 of San Bernardino and Riverside Counties, 181 F.Supp. 14, 17 (S.D.Cal.1960). In cases arising under the Act, the strict requirements of criminal prosecutions are not applicable. Smith v. General Truck Drivers, Warehousemen and Helpers Union Local 467, supra. In the case of Rosen v. District Council No. 9 of New York City, supra, the Court stated (198 F.Supp. p. 49):

"It is not for this court to reexamine the evidence in order to see whether it would have arrived at the same conclusion as did the Trial Board. '[T]here is some evidence which must be accepted as giving a basis for the finding as made and this court is not free to substitute its judgment for that of the Union tribunal with respect to the sufficiency thereof.' Dakchoylous v. Ernst, 1952, 203 Misc. 277, 283, 118 N.Y.S.2d 455, 460, affirmed 3rd Dept., 1953, 282 App.Div. 1101, 126 N.Y.S.2d 534. See also Ames v. Dubinsky, 1947, 5 Misc.2d 380, 409, 70 N.Y.S.2d 706, and cases cited therein."

In the present case the question for determination is not whether the union in all respects followed all of the rules of procedure contained in its Constitution and By-Laws but whether in fact the plaintiff was served with written specific charges and given a reasonable opportunity to prepare his defense and afforded a full and fair hearing as required by Section 411(a) (5) of the Labor-Management Reporting and Disclosure Act.

The plaintiff received written notice of the charges on March 26, 1962. He was tried on those charges on April 16, 1962. The Court holds that the plaintiff received notice sufficiently in advance of trial to allow him a reasonable time to prepare his defense. The written notice of the charges received by the plaintiff informed him of the sections of the union By-Laws he was charged with having violated and the time and place that the violation allegedly occurred. It is true that the notice did not contain the name of the apprentice member whose credentials it was later proved that the plaintiff did not examine and whose signature did not appear on the steward's report. Yet the plaintiff knew that the investigation which precipitated the charges revolved around his activities as job steward with relation to this apprentice member whose credentials he had allegedly failed to inspect. The Court holds that the notice, as drawn, met the specificity requirements of Section 411(a) (5) of Title 29, U.S.C.A. The evidence at the trial revolved around the status of the apprentice member involved.

The failure of the union to follow certain procedures contained in its Constitution and By-Laws did not deprive him of the protection afforded him by Section 411(a) (5) of the Labor-Management Reporting and Disclosure Act. The plaintiff had adequate and timely notice of the charges against him and was afforded an opportunity to refute them at his trial.

It is the claim of the plaintiff that the members of the District Council who served as the Trial Committee were so personally embroiled in the bringing or prosecution of the charges as to render the trial unfair. The fact that the District Council, from whose members the Trial Committee was selected, ordered an investigation of the plaintiff's activities and the filing of charges if the investigation disclosed that the filing of charges was merited does not establish bias or impartiality on the part of any members of the Trial Committee.

The plaintiff's proof does not establish any bias or lack of impartiality on the part of the members of the Trial Committee

The Court holds that the plaintiff was afforded the safeguards against improper disciplinary action on the part of the union provided for in Section 411(a) (5) of the Labor-Management Reporting and Disclosure Act.

The Court further holds that the plaintiff is not entitled to have his conviction set aside or the other relief asked.

The foregoing shall constitute the Findings of Fact and Conclusions of Law herein.

It is hereby ordered that judgment shall be entered in accordance with the foregoing Findings of Fact and Conclusions of Law.