**Burt EISMAN, Appellee,**

v.

**BALTIMORE REGIONAL JOINT BOARD OF AMALGAMATED CLOTHING WORKERS OF AMERICA et al., Appellants,**

**and**

**Amalgamated Clothing Workers of America, Defendants.**

**No. 73–1644.**

United States Court of Appeals, · Fourth Circuit.

Argued April 4, 1974.

Decided June 3, 1974.

Bernard W. Rubenstein, Baltimore, Md. (Bernard P. Jeweler, and Edelman, Levy & Rubenstein, Baltimore, Md., on brief) for appellants.

Leonard J. Kerpelman, Baltimore, Md., for appellee.

Before BOREMAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

Plaintiff, Burt Eisman, brought his action for damages against Amalgamated Clothing Workers of America, the Baltimore Regional Joint Board of ACWA, and two of the officers of the Regional Joint Board alleging infringement of his right to due process in that he was wrongfully expelled from membership in his local union in violation of the provisions of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411 et seq. Section 101(a)(5) of LMRDA (29 U.S.C. § 411(a)(5)) provides:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for non-payment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

The two Regional Joint Board officers were alleged to have acted under color of and in abuse of their authority as union officers.

For reasons set forth in an unreported Memorandum Decision the district court granted ACWA's motion for summary judgment, thus releasing ACWA from potential liability to the plaintiff and leaving as defendants only the Baltimore Regional Joint Board and its two

named officers who were its manager and assistant manager.

The Regional Joint Board had served Eisman with a written notice that a disciplinary hearing would be held to consider his improper conduct at a local union meeting on October 23, 1970. When the hearing failed to begin at the appointed time, after waiting ten to fifteen minutes Eisman departed. Thereafter the Regional Board convened and, in Eisman's absence, considered not only evidence relating to the October 23 incident but also evidence of several other acts of alleged misconduct by Eisman not included in the formal charge. Subsequently Eisman was expelled from union membership.

The district court held that Eisman was wrongfully expelled from his union and that his expulsion was void; that Eisman "was prejudiced by the determination of the Joint Board to expel him based in whole or in part upon facts and allegations not within the scope of the written charges on which the disciplinary hearing was to have been held." Eisman v. Baltimore Regional Joint Board of the Amalgamated Clothing Workers of America, et al., 352 F.Supp. 429 (D.Md.1972). The district court ordered that the case be set down for jury trial on the following issues: (1) whether Esposito and Nocella (the two officers of the Joint Board), acting under color of and in abuse of their respective union offices, caused the wrongful expulsion of plaintiff; (2) whether plaintiff suffered any injury which was the proximate result of his wrongful expulsion; (3) the assessment of the amount of compensatory damages to compensate for any such injury; and (4) the assessment of punitive damages if otherwise appropriate.

The Joint Board and its two officers were granted an interlocutory appeal.

Upon consideration of the record, the brief and oral argument presented by appellants[1] and the joint appendix, we perceive no error in the district court's findings of fact and conclusions of law, we affirm on the opinion of the district court.[2]

Affirmed.

---

1. Appellee's counsel declined to file a brief or orally argue the case.

2. 352 F.Supp. 429, *supra.*