866 F.2d 144
 130 L.R.R.M. (BNA) 2798, 102 A.L.R.Fed. 325,
110 Lab.Cas. P 10,911
 Howard MAYLE, Plaintiff-Appellant,
v.
LABORER'S INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 1015;
Laborer's International Union of North America;
Jacob Lee Croston; Michael Mayle,
Defendants-Appellees.
 No. 88-3066.
 United States Court of Appeals,
Sixth Circuit.
 Nov. 2, 1988.
 
 David Van Gaasbeek, Canton, Ohio, for Howard Mayle, plaintiff-appellant.
 Randall Weltman, Lawrence M. Oberdank, Cleveland, Ohio, for Laborer's Intern. Union of North America, Local 1015, defendant-appellee.
 Susan M. Sacks, Theodore T. Green, Connerton & Bernstein, Washington, D.C., for Laborer's Intern. Union of North America, defendant-appellee.
 Randall Weltman, Cleveland, Ohio, for Jacob Lee Croston, and Michael Mayle, defendants-appellees.
 Before KEITH, GUY and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Howard Keith Mayle ("Mayle") appeals from the district court's order granting summary judgment to the Laborer's International Union of North America ("International Union") and Local 1015, 678 F.Supp. 690 (N.D.Ohio 1987). For the reasons set forth below, we AFFIRM.
 
 I.
 
 2
 Mayle was a member of the International Union and Local 1015 in 1986 when he was charged with allegedly violating Article III sections 3(a), (b), (c), (d), and (g) of the Laborers' International Union of North America Uniform Local Union Constitution. Another Local 1015 member filed the charges after discovering that Mayle had helped to organize a non AFL-CIO local union named Laborer's Union for a Better America, Local 521. This new union, like Local 1015, was created to provide laborers to the construction industry. In addition to assisting in the organization of Local 521, Mayle also served as Local 521's Business Manager.
 
 
 3
 A hearing was held to address the charges filed against Mayle. At the hearing, Mayle admitted he contacted local contractors in an effort to negotiate a collective bargaining agreement for Local 521. He also admitted serving as Local 521's Business Manager.
 
 
 4
 Following the hearing, Local 1015's Trial Board unanimously agreed to expel Mayle from Local 1015. The membership of Local 1015 adopted the Board's decision at their next regularly scheduled meeting by a vote of 46-1. Mayle immediately appealed the decision to the International Union. The International Union invited both parties to submit additional written evidence to the General Executive Board and informed them that personal appearances would be permitted.
 
 
 5
 Local 1015 forwarded copies of the charges, notice of the Trial Board hearing, minutes of the hearing, exhibits introduced at the hearing, the Board's decision, and the minutes of the membership meeting that adopted the Board's decision. The Trial Board also included two newspaper articles regarding Local 521. Mayle chose not to submit any written evidence to the International Union.
 
 
 6
 An appeals hearing was held before the Central Hearings Panel of the International Union's General Executive Panel. Neither the plaintiff nor representatives of Local 1015 appeared before the panel. The General Executive Board affirmed Mayle's expulsion based on the findings of fact and recommendations of the Central Hearing Panel.
 
 II.
 
 7
 Mayle alleges that the unions failed to give him a full and fair hearing in violation of Sec. 101(a)(5) of the Labor-Management Reporting and Disclosure Act ("LMRDA"). Section 101(a)(5) acknowledges the union's right to discipline violators of union rules and protects against the abuse of this right. Similarly, Sec. 101(a)(5) does not limit the types of offenses for which a union may discipline its members. "Congress expressly recognized that a union member may be 'fined, suspended, expelled, or otherwise disciplined' and enacted only procedural requirements to be observed." NLRB v. Allis-Chalmers Mtg. Co., 388 U.S. 175, 194 87 S.Ct. 2001, 2013, 18 L.Ed.2d 1123 (1967) (emphasis added). Section 101(a)(5) describes that before a union member is disciplined, that member must be "(A) served with specific written charges; (B) given a reasonable time to prepare [a] defense; (C) afforded a full and fair hearing." LMRDA Section 101(a)(5), 29 U.S.C. Sec. 411(a)(5). Moreover, union discipline is presumed lawful so long as the charging party presents "some evidence" that the member has committed the charged offense.
 
 
 8
 Mayle claims that the Trial Board conducting the hearing for Local 1015 was composed of members who had prejudged him. However, the evidence fails to show that trial board members had formed an opinion before the hearing. Mayle alleges that one trial board member who supported him was replaced by another who harbored hostile feelings toward him and had already formed an opinion as to his guilt. We are not persuaded by this allegation.
 
 
 9
 In addition, Mayle complained that he did not receive a fair hearing because many of the board members investigated the charges prior to the expulsion hearing. Courts have generally held that "unbiased fact finders are fundamental to a full and fair hearing and procedural due process." Myers v. Affiliated Property Craftsmen, 667 F.2d 817, 820 (9th Cir.1982) (citing Falcone v. Dantinne, 420 F.2d 1157, 1166 (3rd Cir.1969). However, where the fact finders are members of the same local union, it is not uncommon for them to obtain information from other sources. In this case, some of the Trial Board members admitted to obtaining information about Mayle's dual union involvement while working at various construction sites. This in no way constitutes active or aggressive investigation. We do note that evidence of a partial trial board is violative of the LMRDA. Stein v. Mutuel Clerks' Guild of Massachusetts, Inc., 560 F.2d 486, 491 (1st Cir.1977). However, Mayle failed to present evidence that the Trial Board members actively investigated the charges against him.
 
 
 10
 Mayle also alleges that the International Union failed to provide him with a fair hearing on appeal because it considered two newspaper articles that had not been submitted at the trial board hearing. This argument has no merit. The International Union satisfied every requirement of section 101(a)(5)(A) and (B)[1] of the LMRDA. Even if we were to conclude that the consideration of the two newspaper articles was violative of section 101(a)(5)(C) of the LMRDA, the record reveals that there was more than enough additional evidence to justify the expulsion. Furthermore, the due process requirements of the LMRDA are not as expansive as those required in criminal proceedings. Ritz v. O'Donnell, 566 F.2d 731, 735 (D.C.Cir.1977); Tincher v. Piosecki, 520 F.2d 851, 854 (7th Cir.1975). The LMRDA only requires that the basic principles of due process be applied to union disciplinary proceedings. Tincher, 520 F.2d at 854.
 
 III.
 
 11
 Finally, in response to Mayle's second issue regarding the lawfulness of his expulsion, we conclude, that under Sec. 101(a)(2) of the LMRDA, both the International Union and Local 1015 were justified in expelling Mayle for his dual union involvement. Section 101(a)(2), 29 U.S.C. Sec. 411(a)(2) of the LMRDA permits the expulsion of any member who attempts to threaten the union as an institution. Congress included the following restriction on the freedom otherwise guaranteed to a union member.
 
 
 12
 Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and this refraining from conduct that would interfere with its performance of its legal or contractual obligations.
 
 
 13
 LMRDA Sec. 101(a)(2), 29 U.S.C. Sec. 411(a)(2). In addition, the National Labor Relations Board has held that expulsions are permissible where the actions of a union member interfere with the union's institutional integrity. Section 8(b)(1)(A) National Labor Relations Act, 29 U.S.C. Sec. 158(b)(1)(A).
 
 
 14
 In this case, there is abundant evidence in the record that Mayle's actions threatened the continued existence of the union. The evidence in this case is more than the "some evidence" standard required by the LMRDA. International Brotherhood of Boilermakers v. Hardeman, 401 U.S. 233, 245-46, 91 S.Ct. 609, 616-17, 28 L.Ed.2d 10 (1971).
 
 
 15
 Accordingly, we find that the International Union and Local 1015 complied with all of the requirements of Sec. 101(a)(5) of the LMRDA and lawfully expelled Mayle. The judgment of the Honorable Samuel Bell of the United States District Court, Northern District of Ohio is hereby AFFIRMED.
 
 
 
 [1]
 Mayle admits that he received written specific charges as required by Sec. 101(a)(5)(A). Additionally, he does not claim that he was precluded from having a reasonable opportunity to prepare a defense at either the Local Union level or on appeal to the International Union as required by Sec. 101(a)(5)(B)