69 F.3d 254
 150 L.R.R.M. (BNA) 2709, 131 Lab.Cas. P 11,460
 Neal W. CATLETT; Thursey Rogers; Appellees;
v.
LOCAL 7370 OF the UNITED PAPER WORKERS INTERNATIONAL UNION,
formerly Local 370 of International Union, Allied Industrial
Workers of America; Archie E. Robbins, International
Trustee of Local 7370; Kenneth R. Copeland; Appellants.
 No. 95-1431.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 14, 1995.
Decided Nov. 1, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 20, 1995.
 
 Matthew R. Robbins, Milwaukee, Wisconsin, argued (John J. Brennan, Milwaukee, Wisconsin, on the brief), for appellant.
 W. Asa Hutchinson, Fort Smith, Arkansas, argued, for appellee.
 Before RICHARD S. ARNOLD, Chief Judge, and HEANEY and HANSEN, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Neal W. Catlett and Thursey Rogers are employees of Whirlpool Corporation, Fort Smith, Arkansas (Whirlpool) and were active members of Local 7370 of the United Paper Workers International Union, formerly Local 370 of Allied Industrial Workers of America (Local). Several Local members charged Catlett and Rogers with dual unionism and misappropriation of Local funds. A Local trial committee tried Catlett and Rogers pursuant to the International Union's (AIW) constitution, found them guilty of the charged offenses, and recommended expulsion from the Local. The Local approved the recommendation. Catlett and Rogers appealed their expulsion to AIW; AIW denied the appeal.
 
 
 2
 Catlett and Rogers commenced the present action in United States District Court against the Local and two individual officers, Archie Robbins, the AIW trustee, and Kenneth A. Copeland, the Local President (Appellants), claiming that Appellants had denied them a full and fair hearing as required under section 101(a)(5) of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. Sec. 411(a)(5). The matter was tried to a jury. At the close of Catlett's and Rogers' evidence, Appellants moved for judgment as a matter of law, which the district court denied. This motion was not renewed at the close of all the evidence. The jury returned a verdict in favor of Catlett and Rogers and awarded each of them compensatory and punitive damages. The court directed that Catlett and Rogers be reinstated in the Local and granted them attorney's fees. After the jury verdict, Appellants renewed their motion for judgment as a matter of law and, in the alternative, moved to alter or amend the judgment. The district court denied both motions. This appeal follows. We affirm because Appellants failed to preserve the central issues of this appeal.
 
 I. BACKGROUND
 
 3
 Catlett and Rogers had been active Local members for over fifteen years and had held elected Local positions. While Catlett and Rogers were Local officers, the Local was engaged in protracted contract negotiations with Whirlpool, had experienced internal difficulties, and had suffered membership loss. Due to dissatisfaction with the Local's operation, including its failure to pay a per capita tax to the AIW, the AIW imposed a trusteeship on the Local, removed all of its officers, and appointed Robbins as the AIW trustee. Robbins then appointed Copeland as president of the Local.
 
 
 4
 In 1992, Catlett and Rogers started a rival organization, the Democracy Fund, which filed a challenge with the Department of Labor contending that the trusteeship had been improperly imposed. The Department of Labor conducted an investigation of the AIW's actions and found them to be proper and in accordance with the AIW's constitution and bylaws.[1]
 
 
 5
 In November 1992, the Democracy Fund filed a petition with the National Labor Relations Board (NLRB) requesting that it be certified as the collective bargaining agent for the employees of Whirlpool. On January 7, 1993, an election was held to determine which organization, the Local or the Democracy Fund, would represent the employer. The Local was selected by a two-to-one margin. The Democracy Fund requested the NLRB to set aside the election due to what it perceived as unfair labor practices by Whirlpool and the Local, but the NLRB refused.
 
 
 6
 In March, Robbins and Copeland and nine other members of the Local filed charges against Catlett and Rogers for engaging in dual unionism and for misappropriation of Local funds.[2] On March 1, 1993, Robbins and Copeland posted notice at Whirlpool informing Local members of a special membership meeting to be held at the Local hall. The notice also stated that members would elect a trial committee to consider charges against Catlett and Rogers. All members were urged to attend; nonmembers were urged to join the Local so that they could vote on the trial committee selection.
 
 
 7
 Approximately twenty-five Local members, including Catlett and Rogers, attended the meeting to select a trial committee. Dana Dalton, a union member, nominated a slate of candidates given to her by Copeland. Although nominations from the floor were permitted, no other nominations were made at the meeting; the seven nominated members were selected as the trial committee.
 
 
 8
 On March 7, 1993, the trial committee notified Catlett and Rogers that a hearing on the charges filed against them would be held Tuesday, March 23, 1993 at the Local Hall. The written notice stated that they had a right to be present, to examine and cross-examine witnesses, and to present witnesses in their defense. It also indicated that they had the right to select a member of the Local to represent them in the presentation of their case. Moreover, the notice informed them that their failure to appear before the trial committee would be considered an admission of the truth of the charges, and any defense not presented at the hearing would be considered waived.
 
 
 9
 The trial committee met on the date scheduled. At the opening of the hearing, each committee member was asked if he or she could be fair and impartial and each answered in the affirmative. Catlett and Rogers requested permission to further examine the members individually as to their specific biases, but were denied the opportunity to do so.
 
 
 10
 Copeland presented documentary evidence of Catlett's and Rogers' guilt of both dual unionism and misappropriation.[3] Copeland did not take the stand as a witness and he did not call any other witnesses. Catlett and Rogers were then given an opportunity to testify and to call witnesses on their behalf. They presented a short video attempting to demonstrate one of the committee member's bias, but they did not testify themselves or call any witnesses. They claimed that they did not have time to do so because they had to report to work.[4] Catlett and Rogers also requested permission to examine Copeland and Robbins, who refused to answer any questions. During the course of the trial, Robbins met with the trial committee in private, outside of Catlett's and Rogers' presence. After the hearing, the trial committee found Catlett and Rogers guilty of all charges and recommended expulsion.
 
 
 11
 On April 17, 1993, the Local held a meeting to announce the trial committee's judgment and recommendation to the Local members in accordance with the AIW constitution. AIW Const. Sec. 32.03. A majority of the members present at the meeting approved the recommendation.
 
 
 12
 Thereafter, Catlett and Rogers appealed to the AIW. In their appeal, they contended that the Local trial was a political scheme organized by the trustee to prevent them from exercising their rights as members of the Local and from being re-elected as Local officers. They alleged that AIW representatives and Whirlpool had conspired to defame and discredit them. Finally, they claimed that the trial committee consisted of biased union members and the hearing violated the AIW constitution and LMRDA. In May of 1993, the AIW Executive Board informed Catlett and Rogers that they would consider the appeal at their June meeting and that Catlett and Rogers should supply them with any information before that time. Catlett and Rogers did not initiate any additional contact with the Board. On June 18, 1993, the Board notified them that their appeal had been denied. No further appeal was taken to the Convention of the AIW.
 
 
 13
 In October 1993, Catlett and Rogers commenced an action in the United States District Court for the Western District of Arkansas, alleging that Appellants denied them a full and fair hearing on the charges brought against them as required under LMRDA. Specifically, they claimed that: (1) Appellants did not spell out the charges in sufficient detail; (2) Appellants did not provide them with adequate time to present their case before the trial committee; and (3) the trial committee was biased, exposed to prejudicial remarks prior to the hearing, and improperly influenced during the trial proceeding. Catlett and Rogers requested compensatory and punitive damages against all Appellants and requested the court to reinstate them as Local members.[5] Prior to trial, Appellants moved for summary judgment, which the district court denied. The matter went to trial in March of 1994.
 
 
 14
 At the close of Catlett's and Rogers' case, Appellants moved for judgment as a matter of law. This motion was denied. Appellants failed to renew this motion at the close of all the evidence. Instead, they went directly to an instructional conference at which each party presented proposed instructions. Appellants requested the district court to instruct the jury that (1) for Catlett and Rogers to prove their case, the jury must find that a fair and impartial trial committee would have made different findings of guilt and punishment, in other words, that it would not have found Catlett and Rogers not guilty of dual unionism or misappropriation of Local funds and that it would not have expelled them from the Local; (2) any defects at trial were cured by Catlett's and Rogers' appeal to the AIW Executive Board; (3) expulsion is reasonable discipline of members who engage in dual unionism; and (4) if the only flaw in the disciplinary procedure was procedural, Catlett and Rogers were entitled only to damages for the defect. The district court denied these requests. Appellants also made the following objections to the court's instructions: (1) no instructions should be given as to the trial committee's selection or the trial committee's improper influence by Robbins during the Local trial because Catlett and Rogers had waived both claims; (2) the jury should not substitute its version of the evidence in place of that of the trial committee; and (3) no instructions for punitive damages should be given because there is no evidence that the Appellants' actions were malicious, wanton, or willful. The court rejected these arguments as well.
 
 
 15
 The jury returned a verdict in favor of Catlett and Rogers, awarded them each $3,000 in compensatory damages, and assessed punitive damages against the Local in the amount of $15,000 for each party. Additionally, the court directed that both parties be reinstated in the Local and granted them attorney's fees in the amount of $10,000 to be paid by all Appellants. After the jury verdict, Appellants renewed their motion for judgment as a matter of law or, in the alternative, moved for the court to alter or amend the judgment pursuant to Rules 50(b) and 59(e) of the Federal Rules of Civil Procedure. The district court denied both motions.
 
 
 16
 On appeal, Appellants contend that it was error for the district court to deny their request for judgment as a matter of law because (1) the AIW Executive Board's independent review cured any defect arising at the Local hearing; (2) Catlett and Rogers were afforded the protections contemplated by the AIW constitution and LMRDA; and (3) there was insufficient evidence of bias by the trial committee. Appellants also contend that the district court erred by allowing compensatory and punitive damages and by awarding attorney's fees.
 
 II. DISCUSSION
 
 17
 We cannot consider the questions raised on appeal regarding whether the district court erred in refusing to grant Appellants' renewed motion for judgment as a matter of law because Appellants did not comply with Rule 50(b) of the Federal Rules of Civil Procedure. The rule states in simple language that a renewed motion for judgment as a matter of law must be preceded by a motion for judgment as a matter of law at the close of all the evidence. While application of Rule 50(b) is harsh, we believe it must be applied in this case.[6] See Cargill Inc. v. Weston, 520 F.2d 669, 671 (8th Cir.1975); Tsai v. Rosenthal, 297 F.2d 614, 618 (8th Cir.1961).
 
 
 18
 Accordingly, we cannot address the following issues raised on this appeal: (1) whether Catlett and Rogers were given the procedural protections provided by the AIW constitution and LMRDA, in other words, were they given a "full and fair hearing"; (2) whether they presented sufficient evidence of the trial committee's bias to the jury to justify its verdict; (3) whether Catlett and Rogers presented sufficient evidence of actual harm to justify an award of compensatory rather than nominal damages; and (4) whether the award of punitive damages was proper in this case.
 
 
 19
 An argument can be made that the issue of punitive damages can be considered by this court. We do not agree. During the instructional conference, Appellants requested the court to strike any request for punitive damages because there was no evidence to justify such an award. Appellants have essentially framed the issue as a challenge to the sufficiency of the evidence; thus we cannot review the matter in light of their failure to make the appropriate motion at the close of all the evidence.
 
 
 20
 There are two remaining issues raised on this appeal that we may address. First, Appellants requested that the district court instruct the jury that the AIW Executive Board's denial of Catlett's and Rogers' appeal constituted a de novo review of the matter and thus cured any defects of the trial committee. The district court denied the request because the Board did not provide Catlett and Rogers with a new trial free of any procedural defects as required for a de novo review. See Perry v. Milk Drivers' & Dairy Employees' Union, Local 302, 656 F.2d 536, 539 (9th Cir.1981) (a full trial de novo that makes an independent determination of the merits can cure the defects that arose from a biased panel of the local union); Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, 605 F.2d 1228, 1244 (2nd Cir.1979), cert. denied, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980) (a new trial, not merely a review of the results of the previous trial, constitutes a hearing de novo ). We agree with the district court.
 
 
 21
 The AIW constitution provides that the Board, at its discretion, may decide an appeal either on the record before it or by a retrial. AIW Const. Sec. 19.02. Here, the Board chose to decide Catlett's and Rogers' appeal on the record before it. The Board informed them that they could submit any further information with their appeal, indicating it would consider evidence beyond that presented at the hearing, but that it would not make an independent determination of facts. The Board neither took oral testimony nor held a formal hearing. Rather, the Board reviewed the evidence presented at the earlier hearing and a letter submitted by Catlett and Rogers and informed them that their appeal was denied. Although Catlett and Rogers did not specifically request a new hearing, the Board had the authority to provide one or to refer the matter back to the Local for new proceedings. AIW Const. Sec. 19.03. Without such an affirmative action on the part of the Board, the Local cannot now claim that the simple denial of the appeal cures all earlier defects.
 
 
 22
 Appellants also object to the district court's award of attorney's fees to Catlett and Rogers. We do not believe that the court abused its discretion in its modest award of attorney's fees. See Hall v. Cole, 412 U.S. 1, 8-9, 93 S.Ct. 1943, 1947-48, 36 L.Ed.2d 702 (1973) (attorney's fees proper in LMRDA litigation). The granting of attorney's fees to successful LMRDA litigants recognizes the importance of the procedural rights guaranteed under the Act and provides a benefit to the union as a whole by deterring future violations of those rights. See Rosario, 605 F.2d at 1246.
 
 III. CONCLUSION
 
 23
 There is no doubt that unions may impose penalties, including expulsion, for offenses such as dual unionism. See Mayle v. Laborers' Int'l Union of N. Am., Local 1015, 866 F.2d 144, 146 (6th Cir.1988) (citing Sec. 101(a)(2) of the LMRDA, 29 U.S.C. Sec. 411(a)(2)). Both the AIW constitution and the LMRDA require, however, that before a member can be disciplined, he or she must receive a full and fair hearing. See AIW Const. Sec. 32.04; 29 U.S.C. Sec. 411(a)(5). On the basis of the record before us, we cannot reach this question.
 
 
 24
 For the reasons stated above, we affirm the judgment of the district court. We note that this affirmance is without prejudice to the members of the Local filing new charges against Catlett and Rogers and providing them with a full and fair hearing. See Myers v. Affiliated Property Craftsmen Local No. 44, 667 F.2d 817, 821 (9th Cir.1982) (citing Rosario, 605 F.2d at 1243).
 
 
 
 [1]
 The Department of Labor found that the AIW imposed the trusteeship for the following reasons: (1) the Local's failure to pay a per capita tax for over a year, resulting in a debt of approximately $100,000 and its inability to function without subsidies from the AIW; (2) the Local's refusal to comply with AIW's directive to allow employees to rejoin the Local and to vote on Whirlpool's contract offer by paying an initiation fee and one month's dues; and (3) the Local's inability to negotiate a new contract with Whirlpool for over two years and the resulting decline in Local membership
 
 
 [2]
 For the charge of dual unionism, the Local members cited sections 32.04(b), (d), and (g) of the AIW Constitution:
 (b) Violation of the oath of loyalty to the Local and the International Union.
 ....
 (d) Gross disloyalty or conduct unbecoming a member.
 ....
 (g) Secession, or fostering the same.
 As to the misappropriation charge, the Local members cited sections 32.04(a), (f), and (o):
 (a) Violation of a specific provision of the Constitution.
 ....
 (f) Misappropriation.
 ....
 (o) Such other acts and conduct which are inconsistent with the duties and obligations of a member of a Labor Union, and for violation of sound Labor Union principle.
 
 
 [3]
 Copeland presented the following documents: the representation petition filed by The Democracy Fund and signed by Catlett, correspondence from the NLRB addressed to Rogers as Secretary-Treasurer of The Democracy Fund, objections to the election filed by Catlett on behalf of The Democracy Fund, notification to Catlett that he had no authority to speak or act on behalf of the Local, a complaint made by Robbins against Catlett and Rogers for illegal and unauthorized withdrawal of funds, and a copy of the check signed by both Catlett and Rogers that withdrew Local funds during the period of the trusteeship
 
 
 [4]
 Catlett and Rogers requested a continuance. The trial committee denied their request and gave them an opportunity to call their supervisors and inform them they were involved in union business, but Catlett and Rogers chose to leave
 
 
 [5]
 Catlett and Rogers further argued that the unfair hearing denied them the opportunity to participate in the Local election, and they requested a preliminary injunction to set aside the Local election and direct the Local to conduct a new election. The court denied their preliminary injunction
 
 
 [6]
 There are a few limited exceptions to the requirements of Rule 50(b) where: (1) there has been substantial, if not literal, compliance with the rule, Bayamon Thom McAn, Inc. v. Miranda, 409 F.2d 968, 971-72 (1st Cir.1969); (2) manifest injustice will otherwise occur since the verdict is totally without legal support, Karjala v. Johns-Manville Prod. Corp., 523 F.2d 155, 157 (8th Cir.1975) (citing United States v. Harrell, 133 F.2d 504, 506-07 (8th Cir.1943)); (3) the trial judge in effect excused the failure to renew the motion, Bayamon Thom McAn, 409 F.2d at 971-72; and (4) the additional evidence was brief and inconsequential, Beaumont v. Morgan, 427 F.2d 667, 670 (1st Cir.), cert. denied sub nom., Beaumont v. Aussenheimer, 400 U.S. 882, 91 S.Ct. 120, 27 L.Ed.2d 121 (1970). None of the exceptions are applicable here. We cannot say that the jury's verdict is totally without legal support, nor can we say that the trial judge excused Appellants' failure to move for judgment as a matter of law at the close of all the evidence. It is difficult for us to understand why the trial court ruled on the Appellants' motion for judgment as a matter of law, but there is no showing that it excused Appellants' procedural error