United States Court of Appeals

For the Eighth Circuit

_____

No. 13-1629

_____

John Rudish

*Plaintiff - Appellant*

v.

International Union of Operating Engineers, Local 234; International Union of
Operating Engineers

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted:  January 17, 2014
Filed:  March 21, 2014
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

John Rudish was expelled from the International Union of Operating Engineers
(IUOE) following a union proceeding on charges brought against him by a member
of IUOE, Local 234 (Local 234).  Afterward, Rudish brought this suit against IUOE
and Local 234, citing violations of section 101(a)(5) of the Labor Management

Reporting and Disclosure Act, which forbids labor organizations from expelling or disciplining a member without (1) service of written specific charges, (2) a reasonable time to prepare a defense, and (3) a full and fair hearing. See 29 U.S.C. § 411(a)(5). Rudish claimed that the charges were not sufficiently specific or supported by enough evidence and that his union hearing was held before a related criminal charge against him had been resolved, which prejudiced him and violated his constitutional rights. The District Court granted summary judgment to IUOE and Local 234 on all claims. We have reviewed the record de novo and have drawn all reasonable inferences in Rudish's favor, see Rochling v. Dep't of Veterans Affairs, 725 F.3d 927, 937 (8th Cir. 2013), and for the reasons explained below, we conclude that there are disputed issues of material fact on whether Rudish received a full and fair hearing. Accordingly, we reverse the dismissal of that claim.

The District Court concluded that the summary-judgment record revealed no issues for a jury on whether Rudish had received a full and fair hearing because the record showed that the adverse disciplinary decision was supported by "some evidence." See Int'l Bhd. of Boilermakers v. Hardeman, 401 U.S. 233, 245–46 (1971) (noting that full-and-fair-hearing provision requires that disciplinary decision be supported by "some evidence"). As summary-judgment movants, IUOE and Local 234 had the burden of showing that there were no genuine issues of material fact, see Whisenhunt v. Sw. Bell Tel., 573 F.3d 565, 568 (8th Cir. 2009), but they offered nothing to show what evidence had been presented at the union proceeding. In fact, they did not even mention the "some evidence" standard, much less argue (and most important, demonstrate) that the standard had been met. The only indication in the record as to what evidence was presented at the union proceeding is in a one-page copy of the minutes—material that Rudish himself presented as an attachment to his complaint.

According to the minutes of the union proceeding, each side was given five minutes to present its case. The member who had brought the union charges against

Rudish, which included making a threat against IUOE business agent Don Duehr, explained why he had brought the charges and noted that an order of protection had been issued against Rudish. In his defense, Rudish asked retired business agent Dick Petersmith whether Rudish had ever gone to his house or called in the evening. Petersmith responded that Rudish had done so and that Petersmith's wife had called police to get Rudish to leave the property. Rudish then played a recording of Duehr's voice telling Rudish not to call his house at night. Other evidence in the summary-judgment record showed that Duehr was present at the hearing but did not speak.

We find some guidance from the decision in Hardeman, in which a union member was charged with attacking and beating a union business manager. The union member admitted striking the first blow, and the victim's testimony was fully corroborated by a witness to the altercation. The Supreme Court found that there was "no question that the charges were adequately supported." Hardeman, 401 U.S. at 247; see also Mayle v. Laborer's Int'l Union of N. Am., Local 1015, 866 F.2d 144, 145–47 (6th Cir. 1988) (per curiam) (holding that there was abundant evidence to support the charge against a union member for helping organize a non-AFL-CIO local union of a different name where the union member admitted at the hearing that he contacted local contractors for the purpose of negotiating a collective bargaining agreement for new union and serving as the new union's business manager).

Unlike in Hardeman, in this case, there was no evidence presented that was directly probative of the charges brought against Rudish. The evidence merely consisted of statements or testimony on (1) the existence of an order of protection against Rudish, (2) how Rudish had behaved towards Petersmith, and (3) how Duehr had once asked Rudish not to call his house at night. We cannot agree with the District Court that this presentation constituted "some evidence" that Rudish had threatened Duehr. See Hardeman, 401 U.S. at 246 (reiterating that "conviction on charges unsupported by any evidence is a denial of due process").

Accordingly, we reverse the dismissal of Rudish's claim that he did not receive a full and fair hearing, and we remand with directions that the District Court determine, as a matter of law on an adequate fact record, whether there was "some evidence" supporting the decision to expel Rudish from union membership. If the court concludes there was some supporting evidence, the claim should be dismissed. If not, then further proceedings may be required, as in Eisman v. Baltimore Reg'l Joint Bd., 496 F.2d 1313, 1314 (4th Cir. 1974). In all other respects, we affirm.

_____