422 F.2d 342
 James GLEASON, Plaintiff-Appellee,
v.
CHAIN SERVICE RESTAURANT, Luncheonette & Soda Fountain Employees Union, Local 11 of the Hotel & Restaurant Employees and Bartenders International Union, AFL-CIO, Fred Ferrara and George Papalexis, Defendants-Appellants.
 No. 370.
 Docket 34024.
 United States Court of Appeals, Second Circuit.
 Argued January 7, 1970.
 Decided February 5, 1970.
 
 Milton Horowitz, New York City (Burton H. Hall, New York City, on the brief), for plaintiff-appellee.
 Harold Luxemburg, New York City (Luxemburg & Yudenfriend, New York City, on the brief), for defendants-appellants.
 Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and MANSFIELD, District Judge.*
 PER CURIAM:
 
 
 1
 This is an appeal from the grant of an injunction ordering defendants to restore plaintiff Gleason to membership in defendant union. The court below found that the procedures followed in the expulsion proceedings violated the standards established by § 101 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411 (1964). We affirm.
 
 
 2
 On August 31, 1967, defendant Papalexis filed with the union written charges against Gleason in which he alleged Gleason had committed various acts of misconduct and malfeasance while serving as union business agent. After requesting details of the charges, plaintiff on October 4, 1967 was furnished a bill of particulars, and a hearing was set for October 16, 1967. At this hearing before a trial committee consisting of five union members, Gleason was permitted to cross-examine witnesses and to call witnesses of his own. The trial committee found plaintiff guilty of the first eight charges, and of four of the seven items in the ninth charge. As punishment, it recommended Gleason's expulsion from the union coupled with a permanent ban on his holding any union office. Three days later, the local's Executive Board adopted the trial committee's report and voted unanimously for expulsion. The general membership of the local, at a meeting held on December 5, 1967, approved the reports of the trial committee and the Executive Board, and the following day plaintiff received notice of his expulsion. After an internal appeal which proved unsuccessful, he brought the present action for injunctive relief in the district court under the jurisdiction conferred by section 102 of the LMRDA, 29 U.S.C. § 412 (1964).
 
 
 3
 We affirm the grant of the injunction for the reasons given by Judge Herlands. The majority of the nine charges filed against Gleason lacked the specificity required by section 101(a) (5) of the Act, a defect not cured by the bill of particulars of October 4. They did not meet the standards imposed by "fundamental notions of due process" which section 101(a) (5) was enacted to protect. Jacques v. Local 1418, 246 F.Supp. 857 (E.D.La.1965), aff'd, 404 F.2d 703 (5th Cir. 1969). See also Vars v. International Brotherhood, 215 F.Supp. 943 (D.Conn.), aff'd, 320 F.2d 576 (2d Cir. 1963). Finding that it was impossible to determine whether so drastic a penalty would have been imposed on the valid charges alone, and considering the irreparable injury to plaintiff of his continued expulsion, the court below properly granted the injunction without a hearing.
 
 
 4
 The first charge, for example, accused Gleason of collecting money "from members of the union" as dues and initiation fees and failing to turn it over to the union treasury. The specifications of this charge added only that the events "took place during 1965, 1966, and 1967," that "employees of the Walgreen company" were involved, that at least twice in 1965 Gleason did not turn over $30 initiation fees, and that on several occasions, no date specified, he retained the $10 dues. Charge number five accused Gleason of having failed "to represent employees when calling with complaints." The specifications add only that the events in question took place during 1965, 1966, and 1967 and involved units of the Walgreen Company and "Restaurant & Waldorf Associations, including the Zum Zum Room and Riker's." One cannot assume an accused is guilty, with knowledge of his own dereliction. Although the framer of these charges may well have had specific incidents in mind, as written they did not give Gleason the information needed to conduct a meaningful investigation and prepare a defense.
 
 
 5
 We express no opinion on the various other aspects of the litigation reviewed by Judge Herlands, specifically those dealing with the conspiracy charges and the materiality of defendants' motivation for disciplining Gleason.
 
 
 6
 We have considered the other questions raised by defendants on this appeal and find them without merit.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Sitting by designation