Abe MOST, Plaintiff–Appellant,

v.

**AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, AFL–CIO; Local 47, American Federation of Musicians of the United States and Canada, AFL–CIO, Defendants–Appellees.**

Abe Most, Plaintiff–Appellee,

v.

**Local 47, American Federation of Musicians of the United States and Canada, AFL–CIO, Defendant–Appellant.**

Nos. 99–56177, 99–56726.
D.C. No. CV–98–08088–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.*

Decided March 5, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Abe Most filed this action against his local and international union, alleging violations of § 101(a)(5) of the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(5). He argues on appeal that the district court erred by granting summary judgments to the unions and by

denying his request to file an amended complaint. The local union appeals the district court's denial of costs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the summary judgments and reverse the denial of costs.

Most argues that he was disciplined in violation of § 101(a)(5), providing that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined ... unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). Specifically, he contends that he did not receive adequate notice of the charges and that there was insufficient evidence to support the unions' decision. We reject both of these contentions.

The record indicates that Most received written notice containing specific factual allegations of place, date, time, and conduct. Nothing more is required. *See Johnson v. National Ass'n of Letter Carriers Branch 1100,* 182 F.3d 1071, 1075 (9th Cir.1999), *cert. denied,* 528 U.S. 1075, 120 S.Ct. 788, 145 L.Ed.2d 665 (2000). Although Most disputes the unions' interpretation of the rules that he was found to have violated, we are not inclined to upset a union's interpretation of its own bylaws. *See International Bhd. of Boilermakers v. Hardeman,* 401 U.S. 233, 242–43, 91 S.Ct. 609, 28 L.Ed.2d 10 (1971); *Motion Picture & Videotape Editors Guild, Local 776 v. International Sound Technicians, Local 695,* 800 F.2d 973, 975 (9th Cir.1986).

We also conclude that sufficient evidence supports the unions' decision. Due process requires only that the "charging party ... provide some evidence at the disciplinary hearing to support the charges

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

made." *See Hardeman*, 401 U.S. at 246, 91 S.Ct. 609. There is ample evidence here. Although Most points to evidentiary conflicts, the referee's resolution of these conflicts is entitled to deference. *See Wellman v. International Union of Operating Eng'rs, Local 501*, 812 F.2d 1204, 1205 (9th Cir.1987). Accordingly, we affirm the summary judgments in favor of the unions.

Most contends that the district court should have permitted him to amend his complaint. We agree with the unions, however, that Most's motion to amend was properly denied as untimely and prejudicial. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999). Most did not file his motion to amend until after the close of discovery and the filing of the unions' motions for summary judgment. Moreover, the record shows that Most could have included his new allegations in his original complaint. *See Royal Ins. Co. v. Southwest Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999). Finally, permitting the amendment would have prejudiced the defendants by requiring the court to reopen discovery. *See Lockheed Martin*, 194 F.3d at 986.

Local 47 appeals the district court's decision to retax costs, arguing that it was entitled to be reimbursed for its costs pursuant to Fed. R. Civ. Pro. 54(d)(1). We agree. There is no dispute that Local 47 is a prevailing party. The parties also agree that the type of expenses sought by Local 47—filing fees, subpoena service fees, deposition copying costs, and exemplification fees—are all recoverable under Rule 54(d). Nonetheless, the district court denied all costs to Local 47.

We recently held that a district court may deny costs for a variety of reasons, including "misconduct on the part of the prevailing party." *See Association of Mexican American Educators (AMAE) v. California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc). Although Most alleges

misconduct, our review of the record convinces us that nothing occurred to overcome the presumption in favor of awarding costs to a prevailing party. *See id.* at 591. In our view, Local 47's acts of opposing motions and responding to public claims of wrongdoing are not acts of misconduct sufficient to justify the denial of costs. *See Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir.1997) (noting that burden is on the party opposing costs to demonstrate "impropriety on the part of the prevailing party that would justify a denial of costs").

Finally, Most renews his contention that not all of the deposition copying costs were necessary. We have held, however, that "[d]eposition costs are taxable if they are reasonably necessary for trial." *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir.1998). The record shows that Local 47 relied on the three depositions in its motion for summary judgment. Accordingly, we reverse the district court's decision to retax costs, and we reinstate the award of costs to Local 47 made by the Clerk of Court.

AFFIRMED in part, REVERSED in part. Costs in No. 99–56177 are awarded to appellees; costs in No. 99–56726 are awarded to appellant.