**Val ALBERT; Galen Cook, Plaintiffs–Appellants,**

v.

**Larry JOHNSON; et al., Defendants–Appellees.**

No. 00–35555.
D.C. No. CV–98–01180–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument, and denies appellants' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Val Albert and Galen Cook appeal pro se the district court's summary judgments for defendants in their action alleging state law claims and violations of the Labor–Management Reporting Disclosure Act of 1959 ("LMRDA"). Appellants also alleged state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 629–30 (9th Cir.1987), and we affirm.

The district court properly granted appellees' motion for summary judgment on appellant Cook's federal claims because he lacked standing. *See* 29 U.S.C. § 402(*o*); *Finnegan v. Leu,* 456 U.S. 431, 436–38, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982) (indicating that the LMRDA applies only to union members).

Because appellant Albert failed to create a genuine issue of material fact that he was not afforded a full and fair hearing, *see Johnson v. Nat'l Ass'n of Letter Carriers Branch 1100,* 182 F.3d 1071, 1073–74 & n. 2 (9th Cir.1999), *cert. denied,* 528 U.S. 1075, 120 S.Ct. 788, 145 L.Ed.2d 665

(2000), and failed to create a genuine issue of material fact that he was expelled for engaging in activity protected by the LMRDA, *see Finnegan,* 456 U.S. at 436–37; *United Steelworkers of America v. Sadlowski,* 457 U.S. 102, 115, 102 S.Ct. 2339, 72 L.Ed.2d 707 (1982), the district court properly granted summary judgment on appellant Albert's federal claims.

Contrary to appellants' contention, the district court properly declined to exercise supplemental jurisdiction over their remaining state law claims because the district court dismissed all claims over which it had original jurisdiction. *See Executive Software N. Am., Inc. v. United States Dist. Court,* 24 F.3d 1545, 1555–56 (9th Cir.1994).

Because appellants failed to appeal to the district court judge the magistrate judge's grant of appellees' motion for a protective order, they have forfeited their right to appeal it to this court. *See Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1173–74 & n. 1 (9th Cir.1996).

We deny appellees' request for attorney's fees and costs. *See Gabor v. Frazer,* 78 F.3d 459, 459–60 (9th Cir.1996) (order); *Eisen v. Curry (In re Eisen),* 14 F.3d 469, 471 (9th Cir.1994) (per curiam).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.