IBEW Local Union No. 2150, Plaintiff-Appellant,

v.

Rodney Stone, Defendant-Respondent.

Court of Appeals

*No. 2005AP66. Submitted on briefs August 24, 2005.
—Decided October 19, 2005.*

2005 WI App 251

(Also reported in 708 N.W.2d 30.)

176

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Yingtao Ho* of *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Charles H. Barr* and *Lisa R. Jonas* of *Croen & Barr LLP*, Milwaukee.

Before Snyder, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J. IBEW Local Union No. 2150 appeals from an order for summary judgment dismissing

its breach of contract action in which it seeks to enforce a $10,000 fine against Rodney Stone and an order denying its motion for reconsideration. The issue is whether the circuit court erred in holding that a letter informing Stone of the IBEW constitutional provisions he violated and notifying him of the date, time and location of his union trial did not satisfy the requirement that the union provide its members with "written specific charges." We hold that the written charges must contain a detailed statement of the facts describing the incident that formed the basis for the disciplinary action. Because the letter Local 2150 sent to Stone failed to satisfy this requirement, its disciplinary action is void and its fine is unenforceable. We affirm.

¶ 2. The facts relevant to the issue on appeal are as follows. Stone joined IBEW Local 51 in Illinois in 1986.[1] He later received a copy of the October 1991 IBEW constitution. In early 2002, Stone was laid off. Despite several months of searching, he was unable to obtain work through Local 51. In July 2002, Stone accepted nonunion employment with Custom Underground in Wisconsin. At the time he accepted employment, Stone was aware that Custom Underground was in the process of negotiating a union contract, but had not yet signed one. Custom Underground was located in Local 2150's territory. Later that summer, negotiations between Custom Underground and Local 2150 broke down.

¶ 3. On October 15, 2002, Local 2150 Recording Secretary Nancy Wagner sent a letter to Stone informing him that he was charged with violating "Article

---

[1] Stone withdrew from the union for a brief period in 1994 and 1995 while he was looking for work, but then rejoined when he accepted employment with a union employer.

XXV, Section 1, subsections (a), (e), (f), and (q) of the [INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS CONSTITUTION (2001)]."[2] In her letter, Wagner informed Stone of the date, time and location of his trial and stated, "Enclosed is a copy of the original charge filed against you." Stone did not attend the trial. The Local 2150 executive board, serving as the trial board, found Stone guilty of all charges and fined him $10,000 with a six-year suspension of IBEW membership. In a May 13, 2003 letter, Wagner advised Stone of the results of the trial and informed him that he had the option of appealing the conviction.

¶ 4. On August 22, 2003, Local 2150 filed this breach of contract action against Stone, seeking to recover the $10,000 fine it had issued against him. The parties both filed motions for summary judgment.

---

[2] The relevant provisions of the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS CONSTITUTION (2001), article XXV are as follows:

Sec. 1. Any member may be penalized for committing any one or more of the following offenses:

(a) Violation of any provision of this Constitution and the rules herein, or the bylaws, working agreements, or rules of a L.U.

. . . .

(e) Engaging in any act or acts which are contrary to the member's responsibility toward the I.B.E.W., or any of its L.U.'s, as an institution, or which interfere with the performance by the I.B.E.W. or a L.U. with its legal or contractual obligations.

(f) Working for, or on behalf of, any employer, employer-supported organization, or other union, or the representatives of any of the foregoing, whose position is adverse or detrimental to the I.B.E.W.

. . . .

(q) Working for any individual or company declared in difficulty with a L.U. or the I.B.E.W., in accordance with this Constitution.

Stone claimed, in part, that Local 2150 had violated the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 411 (2000). Section 411(a)(5) of the LMRDA provides:

**(5) Safeguards against improper disciplinary action**

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges . . . .

The circuit court agreed with Stone, stating:

The problem we have here is the enclosed copy of the original charges were, in fact, not enclosed, and they were not served on Mr. Stone.

. . . .

I view this akin to a . . . Summons and Complaint. I'm satisfied he received the Summons; however, he did not receive the Complaint in terms of what the issues or specific charges were or what he was to contest. I'm satisfied he's entitled under federal law to that in writing. Without that there is no ability for him to prepare, to raise a defense . . . .

I'm satisfied the process from its inception was void . . . .

So at least on that basis their determination and the imposition of the $10,000 fine, I'm satisfied, is not enforceable through these procedures.

The circuit court issued an order for summary judgment in favor of Stone. Thereafter, Local 2150 filed a

180

motion for reconsideration, which the circuit court denied. Local 2150 now appeals.

¶ 5. "We review a circuit court's decision granting summary judgment independently, but we apply the same methodology as the circuit court." *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 14, 281 Wis. 2d 448, 699 N.W.2d 54. Pursuant to Wis. Stat. § 802.08(2) (2003–04),[3] summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An issue is "genuine" if the evidence is such that reasonable jurors could return a verdict for the nonmoving party. *Baxter v. DNR*, 165 Wis. 2d 298, 312, 477 N.W.2d 648 (Ct. App. 1991). As part of this summary judgment analysis, we must interpret and apply the LMRDA. Statutory interpretation and application also pose questions of law that we review de novo. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315 (Ct. App. 1997).

¶ 6. The LMRDA requires that a union member subject to discipline be "served with written specific charges." 29 U.S.C. § 411(a)(5). This provision requires that the charges, at a minimum, must be "so drafted as to inform a member with reasonable particularity of the details of the charges." *Berg v. Watson*, 417 F. Supp. 806, 810 (S.D.N.Y. 1976) (citation omitted); *see also Johnson v. National Ass'n of Letter Carriers Branch 1100*, 182 F.3d 1071, 1074 (9th Cir. 1999) (citation omitted). The

---

[3] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

written charges must contain a detailed statement of the facts relating to the incident that formed the basis for the disciplinary action, including the circumstances surrounding the alleged offense and, as nearly as they can be ascertained, the time and place of its occurrence. *Johnson*, 182 F.3d at 1074 (citing *International Bhd. of Boilermakers v. Hardeman*, 401 U.S. 233 (1971); *Berg*, 417 F. Supp. at 810. The level of detail required is that needed to "notify the accused of the incidents that form the basis of the charge so that he or she may prepare a defense." *Johnson*, 182 F.3d at 1075.

¶ 7. Applying these principles to the case before us, we conclude that the letter Local 2150 sent Stone did not comply with 29 U.S.C. § 411(a)(5). The letter advised Stone of the time, date and location of his union trial and of the IBEW constitutional provisions he allegedly violated. However, the letter lacked any factual details that would have given Stone any notice of the specific actions he had to defend. In the absence of any statement of the facts, Stone could not be expected to present an adequate defense, save for a more general denial of any misconduct. Furthermore, the letter did not quote the constitutional provisions he allegedly violated and Stone did not have a copy of the version of the constitution under which he was charged.

¶ 8. Local 2150 contends that there remains a genuine issue of fact regarding whether Stone received the attachment to the letter, which purportedly sets forth in detail the charges against him. Stone has met his burden of showing he did not receive the separate written charges.

¶ 9. At his deposition, Stone acknowledged receiving the letter. He did not, however, testify that he also received the allegedly attached copy of the charges

against him. Furthermore, we find no evidence of such an attachment in the record. Local 2150 did not present the attachment in any of its submissions to the circuit court, including its motion for summary judgment and accompanying affidavits. Indeed, in its motions for summary judgment and reconsideration, Local 2150 did not argue that Stone had received the attachment; rather, Local 2150 focused its attention on whether the letter alone adequately notified Stone of the charges against him.[4]

¶ 10. Local 2150 also points out that Stone answered in the affirmative to the following interrogatory: "Did Stone receive a letter from Local 2150 dated October 15, 2002, which notified him of the date, place and time of his trial, as well as the factual basis of the charges against him?" From this, Local 2150 asks us to infer that Stone received the attached copy of the original charges. Local 2150, however, never offered any evidence whatsoever that anyone enclosed a copy of the original charges with the notice letter. Without any evidence of the attachment in the record, we cannot conclude that Stone's affirmative response to this vaguely worded interrogatory means that he received a

[4] In its motion for summary judgment, Local 2150 states:

There is no dispute that Local 2150 sent Stone a letter dated October 15, 2002, which outlined the specific provisions that he was charged with violating, as well as the date, time, and place of the trial. Stone received the letter on October 18.

The letter adequately informed Stone of the charges against him.

In its motion for reconsideration, Local 2150 reasoned that Stone could not complain of a LMRDA violation because the letter put him on notice of the IBEW constitutional provisions he allegedly violated and he was able to infer from the letter the factual basis of the charges against him.

copy of the original charges and those charges set forth a sufficient factual basis such that he cannot now complain of a violation of his LMRDA due process rights.

¶ 11. Local 2150 next maintains that Stone's actions following receipt of the notice letter demonstrate that he had "actual notice" of the charges against him. However, it cannot be assumed that the accused member is guilty and has knowledge of his or her derelictions, thereby eliminating his or her need to be informed of the factual basis for the charges. *Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1253 (S.D.N.Y. 1969), *aff'd*, 422 F.2d 342 (2d Cir. 1970); *Eisman v. Baltimore Reg'l Joint Bd. of the Amalgamated Clothing Workers*, 352 F. Supp. 429, 435 (D. Md. 1972), *aff'd*, 496 F.2d 1313 (4th Cir. 1974). Thus, an ex post facto showing that an accused union member had knowledge of the events surrounding the alleged offenses cannot cure the lack of adequate written notice of disciplinary charges. *Gleason*, 300 F. Supp. at 1253; *Reilly v. Sheet Metal Workers' Int'l Ass'n, AFL-CIO*, 488 F. Supp. 1121, 1127 (S.D.N.Y. 1980) ("The independent knowledge of the accused concerning the circumstances of his [or her] own alleged wrongdoing, however, will not excuse the defendant's failure to comply with the requirements of the Act."). Therefore, it does not matter that Stone may have known generally about the circumstances leading up to the charges.

¶ 12. In light of the foregoing, we conclude that the charges herein fail to meet the statutory standard and are thus fatally inadequate. The absence of any factual details whatsoever in the notice letter renders the written charges inherently prejudicial. *See Johnson*, 182 F.3d at 1076–1077. Accordingly, the action

of the union in levying a fine upon Stone is null and void. *See Berg*, 417 F. Supp. at 811.

¶ 13. In a last-ditch effort to save its case from dismissal, Local 2150 argues that the law requires a union member to exhaust internal union appeal procedures before the union member can rely on a 29 U.S.C. § 411(a)(5) violation as a defense in an action to collect a union fine. *See UAW, AFL-CIO, Local 283 v. Scofield*, 50 Wis. 2d 117, 138, 183 N.W.2d 103 (1971); 29 U.S.C. § 411(a)(4) (members may be required to exhaust internal union remedies). In Local 2150's view, Stone did not exhaust the internal union remedies available to him because he did not appeal his original conviction. However, a union member need not exhaust internal union remedies if his or her claim "falls within some exception to the exhaustion doctrine." *Scofield*, 50 Wis. 2d at 138. One such recognized exception is where the union's disciplinary action is demonstrably void for lack of adequate notice. *Kopke v. Ranney*, 16 Wis. 2d 369, 373, 114 N.W.2d 485 (1962). As we have explained, the disciplinary action in this case was demonstrably void for lack of adequate notice.

¶ 14. Local 2150 contends that despite this recognized exception to the exhaustion doctrine, exhaustion of internal union remedies is excused only when conceded or easily determined facts show a "serious violation" of the union member's rights. *See Libutti v. Di Brizzi*, 337 F.2d 216, 219 (2d Cir. 1964), *aff'd on reh'g*, 343 F.2d 460 (2d Cir. 1965). According to Local 2150, a union's failure to provide "written specific charges" is not a "serious violation" when, as here, the union member received notice of the sections of the constitution that he violated and was able to infer from the notice the factual basis of the charges against him. *See*

*Harris v. Plasterers and Cement Masons Local No. 406,*
619 F.2d 1164, 1168 (7th Cir. 1980) (holding that while
there were questions concerning the specificity of the
charges, it was arguable that the members were suffi-
ciently aware of them and therefore the charges were
not so defective as to excuse resort to internal union
remedies).

¶ 15. However, as our previous discussion illus-
trates, in this case the easily determinable facts con-
cerning the written charges Stone received indicate
that the union's disciplinary action was in violation of
the statutory requirements. Regardless of any alleged
independent knowledge Stone may have had regarding
the circumstances giving rise to the charges, the com-
plete absence of any factual details whatsoever in the
notice letter would have made it difficult, if not impos-
sible, for Stone to prepare an adequate defense.[5] *See*

---

[5] This case is readily distinguished from *Harris v. Plasterers
and Cement Masons Local No. 406,* 619 F.2d 1164, 1168 (7th Cir.
1980), where the court determined that "the charges were [not]
so defective as to excuse resort to internal remedies." In *Harris,*
unlike here, there was evidence that the members' own attorney
understood, prior to the disciplinary hearing, the factual basis
of the charges against his clients. *See id.* Therefore, the mem-
bers' attorney could prepare a defense. In *Harris,* unlike here,
the notice to the union members quoted in full the constitu-
tional provisions the members were accused of violating. *See id.*
Thus, in *Harris,* unlike here where the conceded and the easily
determinable facts show a violation of Stone's rights under 29
U.S.C. § 411(a)(5), there were "questions concerning the speci-
ficity of the charges." *See Harris,* 619 F.2d at 1168.

Further, contrary to Local 2150's assertions, we do not read
*Harris* as establishing a bright-line rule that if an accused
member can figure out the factual basis of the charges against
him or her, the union's failure to provide "written specific

*Johnson*, 182 F.3d at 1076–1077. The legislative intent in enacting these requirements was to ensure due process and "basic fairness" in union disciplinary proceedings. *Reilly*, 488 F. Supp. at 1125. We therefore reject Local 2150's argument that its failure to provide Stone with "written specific charges" was not a serious violation of his rights. Stone was not required to exhaust internal union remedies.

*By the Court.*—Orders affirmed.

charges" does not constitute a "serious violation" of 29 U.S.C. § 411(a)(5), and the union member's failure to exhaust internal union remedies is not excused. Rather, it was simply under the circumstances of that case that the court found that the questionably insufficient charges did not excuse the union members' failure to exhaust internal union remedies. We remind Local 2150 that it is well established that the exhaustion provision of 29 U.S.C. § 411(a)(4) is not mandatory and the statutes leave the ultimate decision whether to require exhaustion in a particular case to the sound discretion of the courts. *See Kowaleviocz v. Local 333 of the Int'l Longshoremen's Ass'n*, 942 F.2d 285, 288 (4th Cir. 1991).